**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **NO. 26-MJ-3200-JHR** |
| | § | |
| **GABRIEL HERNANDEZ,** | § | |
| | § | |
| **DEFENDANT.** | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR VIOLATION OF THE SPEEDY TRIAL ACT**

COMES NOW, Defendant GABRIEL, HERNANDEZ, by and through undersigned counsel, and moves to dismiss the charge contained in the complaint because the Government failed to file an indictment or information within thirty (30) days after Defendant's arrest, excluding any properly excludable time. Defendant requests dismissal with prejudice. As grounds, Defendant respectfully submits the following:

## I. INTRODUCTION

Defendant was arrested and placed in federal custody on June 17, 2026, in connection with the charge alleged in the complaint filed on June 23, 2026. [Doc. 1] The thirty-day period expired on July 17, 2026. The Government has not yet filed an indictment or information in this matter.

The Speedy Trial Act requires the Government to file an indictment or information within thirty (30) days after an individual is arrested or served with a summons in connection with the charges. *See* 18 U.S.C. § 3161(b). When the Government does not

comply with that deadline, the charge contained in the complaint must be dismissed or otherwise dropped. *See* 18 U.S.C. § 3162.

## II. STATEMENT OF FACTS

**1.** On June 23, 2026, the Government filed a complaint charging Defendant with Conspiracy to Possess with Intent to Distribute 24 kg of cocaine in violation of 21 U.S.C. § 846. [Doc. 1]

**2.** On June 17, 2026, Defendant was arrested and placed in federal custody.

**3.** On June 25, 2026, Defendant filed a Waiver of Preliminary Hearing and Waiver of Detention Hearing. [Doc. 7] Defendant did not extend the grand jury deadline in the wavier. [Doc. 7]

**4.** The Government was required to file an indictment or information by July 17, 2026, subject to any time properly excluded under the Speedy Trial Act. The 30-day statutory clock begins on the exact date of the defendant's arrest, not when the formal complaint is filed or when a hearing is waived. *See* 18 U.S.C. § 3161(b).

5. There are no applicable periods of delay excludable under 18 U.S.C. § 3161(h)(1)).

## III. LEGAL STANDARD

The Speedy Trial Act requires that an information or indictment charging an individual with an offense be filed within thirty (30) days from the date on which the individual was arrested or served with a summons in connection with the charges. *See* 18 U.S.C. § 3161(b).

In the Tenth Circuit, the thirty-day period is triggered when a pending federal complaint coincides with federal custody based on that complaint. *United States v. Bagster,* 915 F.2d 607, 610 (1990). If a defendant is arrested without a warrant and remains in custody, the period is triggered when the complaint is filed while the defendant remains in custody for the offense charged in the complaint. *United States v. Bailon-Cruz*, 351 F. Supp. 2d 1131, 1134 (2004).

If no indictment or information is filed within the required period, as extended by properly excludable time, the charge against the defendant contained in the complaint "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162. In deciding whether dismissal should be with or without prejudice, the Court considers the seriousness of the offense, the facts and circumstances leading to dismissal, and the effect of re-prosecution on the administration of the Speedy Trial Act and the administration of justice. 18 U.S.C. § 3162. Prejudice to the defendant is also a relevant consideration. *See United States v. Abdush-Shakur*, 465 F.3d 458, 462 (2006).

**IV. ARGUMENT**

On June 23, 2026, a federal complaint charging Defendant with a violation of 21 U.S.C. § 846 was filed, and Defendant was in federal custody based on that complaint. Those concurrent events triggered the thirty-day period.

Defendant submits the thirty-day period began on June 17, 2026, when he was arrested, and therefore expired on July 17, 2026. If the Court determines the date of the arrest should be excluded and the thirty-day period was instead triggered by the filing of the complaint, the deadline expired on July 23, 2026. Because the Government failed to

file an indictment or information within the required period, the charge contained in the complaint must be dismissed or otherwise dropped. 18 U.S.C. § 3162.

Defendant further requests the charge be dismissed with prejudice. In determining whether to dismiss the information with or without prejudice for a violation of the Speedy Trial Act, the Court should consider the following factors listed in 18 U.S.C. § 3162(a)(1): the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of re-prosecution on the administration of this chapter and on the administration of justice. *Id*. The Court should also consider prejudice to the Defendant. *Abdush-Shakur*, 465 at 462.

Although the Court must consider the seriousness of the charged offense, seriousness does not automatically outweigh the length or circumstances of the delay. *See United States v. Jones*, 213 F.3d 1253, 1256 (2000). While the charged offense is a serious one, here, the government did not miss the deadline by a day or two. Rather, the government has failed to file an indictment for seventy-nine (79) days since Defendant's arrest. "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." *United States v. Saltzman*, 984 F.2d 1087, 1093-94 (10th Cir. 1993) (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)). Permitting re-prosecution would adversely affect the administration of the Act and the administration of justice due to the government's total disregard of the statutory deadline. Dismissal with prejudice is warranted to give meaningful effect to that statutory deadline under the circumstances

presented here. Finally, Defendant has been prejudiced by this lengthy delay by his prolonged detention.

Taken together, these factors support dismissal with prejudice. If the Court declines to dismiss with prejudice, dismissal without prejudice remains mandatory because the Government failed to file a timely indictment or information.

**V. GOVERNMENT'S POSITION**

Due to the nature of the foregoing motion and the requested relief, the undersigned did not seek the government's position.

**VI. CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss with prejudice the charge contained in the complaint, order Defendant's immediate release from custody, and grant any further relief the Court deems appropriate.

Respectfully submitted,

THE HARBOUR LAW FIRM, P.C.
701 N. Saint Vrain Suite 203
Telephone: (915) 544-7600
Facsimile: (915) 975-8036
Email: cori@harbourlaw.net

By: /s/*Cori A. Harbour*
Cori A. Harbour

## CERTIFICATE OF SERVICE

I, Cori A. Harbour, do certify that on September 4, 2026 I caused the instant motion to be filed with the Clerk of the Court using the CM/ECF system that will serve all other parties entitled to service and notice.

/s/*Cori A. Harbour*
Cori A. Harbour